UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANCK MULLER USA, INC.; FRANCK MULLER WATCHLAND, S.A.; PIERRE KUNZ USA, INC.; and PIERRE KUNZ GENEVE, <br><br> Defendants. | Civil Action No.  1:19-cv-9224 <br><br> Jury Trial Demanded |

# COMPLAINT

Plaintiff Solid 21, Inc. ("Plaintiff" or "Solid 21") brings this complaint against defendants Franck Muller USA, Inc. (FM USA), Franck Muller Watchland, S.A. (FM Watchland), Pierre Kunz USA, Inc. (PK USA), and Pierre Kunz Geneve ("PK Geneve") (collectively, "Defendants"), and alleges as follows.

1. This is a complaint for Trademark Infringement, Unfair Competition, Trademark Dilution, and False Description arising in common law and under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (c), and for Injury to Business Reputation, Trademark Dilution, and Deceptive Acts and Practices under New York General Business Law §§ 349 and 360-L.

2. Solid 21 is the owner of the federally registered and incontestable trademark RED GOLD®, which is used for, *inter alia*, luxury watches. A true and correct copy of the trademark certificate is attached hereto as **Exhibit 1** and includes the following information:

U.S. Trademark Registration No. 2,793,987

Mark: RED GOLD®

1

>Registered: December 16, 2003
>
>First Use in Commerce: December 13, 1989
>
>Owner: SOLID 21 Incorporated

3. On August 21, 2009, the United States Patent and Trademark Office ("USPTO") issued a Notice of Use and Incontestability in regard to the RED GOLD® trademark. A true and correct copy of said Notice of Incontestability is attached hereto as **Exhibit 2** and includes the following information:

>"The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §§ 1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force.
>
>REG NUMBER: 2793987
>
>MARK: RED GOLD
>
>OWNER: Solid 21 Incorporated

4. Solid 21 seeks equitable and monetary relief, including costs and disbursements.

**Parties**

5. Solid 21 is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 22287 Mulholland Highway, Suite 82, Calabasas, CA 91302.

6. On information and belief, FM USA is a corporation organized and existing under the laws of the State of New York with its principal place of business at 207 West 25th Street, 8th Floor, New York, NY 10001, and is a wholly-owned subsidiary and/or agent of FM Watchland.

7. On information and belief, FM Watchland is a corporation organized and existing under the laws of Switzerland.

8. On information and belief, PK USA is a corporation organized and existing under the laws of the State of New York with its principal place of business at 207 West 25th Street, 8th Floor, New York, NY 10001, and is a wholly-owned subsidiary and/or agent of PK Geneve.

9. On information and belief, PK Geneve is a corporation organized and existing under the laws of Switzerland.

**Jurisdiction and Venue**

10. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because this action involves claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, including claims of Trademark Infringement, Unfair Competition, Trademark Dilution, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125.

11. This Court has supplemental jurisdiction over related state trademark, dilution, unfair competition, injury to business reputation, and deceptive business practices claims in violation of the laws of the State of New York pursuant to 28 U.S.C. §§ 1338(b) and 1367 and the doctrine of supplemental jurisdiction. Such state law claims form part of the same case and controversy as the federal claims because they are so related to the claims within the Court's original jurisdiction.

12. This Court has personal jurisdiction over Defendants because they have personally availed themselves of the benefits and protections of New York by doing substantial business in New York. Furthermore, FM USA and PK USA are incorporated in and have their principal place of business in New York.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

## Factual Background

14. For many years, Solid 21 has continuously and exclusively used and promoted its famous RED GOLD® trademark in connection with the design, manufacture, marketing, and advertising of, *inter alia*, luxury watches and related goods and services.

15. Solid 21's ownership of and exclusive right to use the famous RED GOLD® mark, as well as the mark's validity, is evidenced by the mark's United States trademark registration, Reg. No. 2,793,987. *See* **Exhibit 1** hereto.

16. The RED GOLD® mark for Reg. No. 2,793,987 is incontestable and currently active. *See* **Exhibit 2** and **Exhibit 3** hereto.

17. Solid 21 has spent significant money and resources advertising and promoting its products and services throughout the United States and the world and expanding its business offering goods and related products and services under the famous and distinctive RED GOLD® mark. Solid 21 has spent millions of dollars and countless man-hours in order to promote the RED GOLD® brand, including advertising, product placement, and public relations campaigns.

18. For example, Solid 21 has advertised RED GOLD® in numerous consumer and trade publications. RED GOLD® has been featured on both domestic and international television shows. Solid 21 has promoted RED GOLD® on award shows such as the Academy Awards, the Billboard Awards, and Video Music Awards. Solid 21 has also hosted runway shows featuring RED GOLD® in cities around the world including New York, Washington, D.C., Los Angeles, Lagos, London, and Las Vegas. RED GOLD® is also heavily associated with and promoted by

celebrities, as Solid 21's celebrity clients have featured RED GOLD® in their songs, music videos, movies, and advertisements.

19. Accordingly, the RED GOLD® mark has become famous, distinctive, and associated with, *inter alia*, luxury watches offered by Solid 21.

20. Solid 21 has successfully developed and sold, *inter alia*, luxury watches using its RED GOLD® mark. Solid 21 both adds to and relies upon the value and goodwill of the RED GOLD® mark to derive income from its business activities.

21. On information and belief, Defendants are watch manufacturers and designers within the United States and abroad.

22. On information and belief, at various times after Solid 21 began using RED GOLD® in commerce and after Solid 21's RED GOLD® mark was federally registered, Defendants began selling, marketing, and advertising products utilizing the RED GOLD® mark.

23. On information and belief, at various times after Solid 21 began using RED GOLD® in commerce and after Solid 21's RED GOLD® mark was federally registered, Defendants also allowed third parties to promote their products utilizing the RED GOLD® mark.

24. On information and belief, Defendants utilized the RED GOLD® mark in their marketing, advertising, and sales of their products with full knowledge of Solid 21 and Solid 21's use of and rights in the RED GOLD® mark, or at least were willfully blind or negligently disregarded Solid 21's trademark.

25. Defendants' use of RED GOLD® with respect to their marketing, advertising, and sale of their products is directly competitive with Solid 21's use of RED GOLD® in the same market and has caused, and/or is likely to cause, confusion, reverse confusion, mistake, and /or deception as to the source of Defendants' goods and services.

**Prior Actions Involving RED GOLD®**

26.     On January 14, 2011, Solid 21 filed a complaint against defendants FM USA and FM Watchland alleging, *inter alia*, that the marketing, advertising, and sales of their products infringed Solid 21's exclusive rights to the RED GOLD® mark in violation of the Lanham Act and state law, in Civil Action No. 2:11-cv-00472-DSF-AGR in the United States District Court for the Central District of California (the "FM C.D. Cal. Action").  On September 21, 2011, Solid 21 dismissed this action.  FM C.D. Cal. Action, Dkt. No. 12.

27.     On April 29, 2013, Solid 21 filed another complaint against defendants FM USA and FM Watchland in Civil Action No. 2:13-cv-02980-DSF-AGR in the United States District Court for the Central District of California (the "FM Second C.D. Cal. Action").  In or around September 2013, Solid 21 and defendants FM USA and FM Watchland executed a tolling agreement which provides, *inter alia*, that the statute of limitations for any claim as of January 14, 2011 is tolled until a final decision, verdict, or judgment in the then-pending action involving Solid 21 and the RED GOLD® mark in Civil Action No. 2:11-cv-00468-DMG-JC in the United States District Court for the Central District of California (the "Hublot Action").  On September 9, 2013, Solid 21 dismissed the FM Second C.D. Cal. Action.  FM Second C.D. Cal. Action, Dkt. No. 16.

28.     On January 14, 2011, Solid 21 filed a complaint against defendants PK USA and PK Geneve alleging, *inter alia*, that the marketing, advertising, and sales of their products infringed Solid 21's exclusive rights to the RED GOLD® mark in violation of the Lanham Act and state law, in Civil Action No. 2:11-cv-00453-RSWL-JC in the United States District Court for the Central District of California (the "PK C.D. Cal. Action").  On September 21, 2011, Solid 21 dismissed this action.  PK C.D. Cal. Action, Dkt. No. 12.

29. On April 29, 2013, Solid 21 filed another complaint against defendants PK USA and PK Geneve in Civil Action No. 2:13-cv-02979-RSWL-JC in the United States District Court for the Central District of California (the "PK Second C.D. Cal. Action"). In or around September 2013, Solid 21 and defendants PK USA and PK Geneve executed a tolling agreement which provides, *inter alia*, that the statute of limitations for any claim as of January 14, 2011 is tolled until a final decision, verdict, or judgment in the then-pending action involving Solid 21 and the RED GOLD® mark in the Hublot Action. On September 9, 2013, Solid 21 dismissed the PK Second C.D. Cal. Action. PK Second C.D. Cal. Action, Dkt. No. 13.

30. On October 4, 2018, the parties in the Hublot Action stipulated to dismiss all claims with prejudice. Hublot Action, Dkt. No. 437. On October 5, 2018, the Court in the Hublot Action ordered that the action be dismissed with prejudice as to all claims. *Id.*, Dkt. No. 438.

31. On October 5, 2018, the parties in the Hublot Action released a joint public statement where they acknowledged that Solid 21's RED GOLD® mark is incontestable. This statement is attached hereto as **Exhibit 4**.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT, 15 U.S.C. § 1114

32. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Solid 21 is the owner of all right, title, and interest in and to the RED GOLD® mark.

34. Defendants' use of the RED GOLD® mark in the design, manufacturing, marketing, advertising, and/or sale of their products is likely to cause confusion, reverse confusion, mistake, and/or deception as to the source, sponsorship, or approval of Defendants' products in

7

the mistaken belief that Solid 21 has somehow affiliated, connected, or associated with Defendants and/or their products.

35. Defendants' acts constitute trademark infringement of a federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

36. Because of Defendants' acts, Solid 21 has suffered and will continue to suffer damage and irreparable injury to its business, reputation, and goodwill, and will sustain loss of revenue and profits, while Defendants profit from their prohibited use.

37. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## SECOND CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT, 15 U.S.C. § 1125(a)

38. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Defendants' use of the RED GOLD® mark in the design, manufacturing, marketing, advertising, and/or sale of their products is likely to cause confusion, reverse confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' products in the mistaken belief that Solid 21 has somehow affiliated, connected, or associated with Defendants and/or their products.

40. Defendants' acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. 1125(a).

41. Because of Defendants' acts, Solid 21 has suffered and will continue to suffer damage and irreparable injury to its business, reputation, and goodwill, and has and will sustain loss of revenue and profits, while Defendants profit from their prohibited use.

42. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. 1125(a)

43. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 42 as if fully set forth herein.

44. Through extensive, continuous, and exclusive use for many years, Solid 21 is the owner of all rights, title, and interest in and to the distinctive and incontestable RED GOLD® mark for its manufacture, marketing, advertising, and sale of, *inter alia*, luxury watches and related goods and services.

45. Through Solid 21's ownership of the RED GOLD® mark and reliance on the value and goodwill of the RED GOLD® mark, Solid 21 maintains a financial interest in its exclusive use of the RED GOLD® mark.

46. Defendants' use of the RED GOLD® mark in the design, manufacturing, marketing, advertising, and/or sale of their products is likely to cause confusion, reverse confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' products in the mistaken belief that Solid 21 has somehow affiliated, connected, or associated with Defendants and/or their products.

47. Defendants' acts constitute unfair competition with Solid 21 in violation of the Lanham Act, 15 U.S.C. § 1125(a).

48. Because of Defendants' acts, Solid 21 has suffered and will continue to suffer damage and irreparable injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits, while Defendants profit from their prohibited use.

49. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## FOURTH CAUSE OF ACTION

**TRADEMARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(c)**

50. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Solid 21's RED GOLD® mark is a distinctive mark that is famous.

52. Defendants' commercial use of the RED GOLD® mark in the design, manufacturing, marketing, advertising, and/or sale of their products is causing dilution of the distinctive quality of the RED GOLD® mark.

53. Defendants' acts constitute trademark dilution in violation of the Lanham Act, 15 U.S.C. 1125(c).

54. Because of Defendants' acts, Solid 21 has suffered and will continue to suffer damage and irreparable injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits, while Defendants profit from their prohibited use.

55. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## FIFTH CAUSE OF ACTION

### FALSE DESCRIPTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

56. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Solid 21's RED GOLD® mark is a distinctive mark that is famous.

58. Defendants' commercial use of the RED GOLD® mark in the design, manufacturing, marketing, advertising, and/or sale of their products is likely to create confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of Solid 21's products, or to deceive consumers as to the origin, sponsorship, or approval of Solid 21's products, all in dilution of the distinctive quality of the RED GOLD® mark.

59. Defendants' use of the term RED GOLD® comprises a false description and/or representation of such business or products under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act.

60. Because of Defendants' acts, Solid 21 has suffered and will continue to suffer damage and irreparable injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits, while Defendants profit from their prohibited use.

61. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## SIXTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

62. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Defendants' acts alleged herein, including without limitation Defendants' use of the RED GOLD® mark, infringe Solid 21's exclusive trademark rights in the RED GOLD® mark, in violation of the common law.

64. Because of Defendants' acts, Solid 21 has suffered and will continue to suffer damage and irreparable injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits, while Defendants profit from their prohibited use.

65. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## SEVENTH CAUSE OF ACTION

## INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION UNDER NEW YORK LAW, N.Y. G.B.L. § 360-L

66. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 65 as if fully set forth herein.

67. The RED GOLD® mark is a distinctive mark that is widely recognized and that identifies the products and services of Solid 21 in the minds of consumers.

68. Defendants' unauthorized use of the RED GOLD® mark dilutes the strength of the RED GOLD® mark, resulting in injury and damage to Solid 21 and the substantial business and goodwill generated by the RED GOLD® mark in violation of New York General Business Law § 360-L.

69. Because of these acts, the trademark dilution have caused, and continue to cause, irreparable injury to Solid 21.

70. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21.

## EIGHTH CAUSE OF ACTION

**DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK LAW, N.Y. G.B.L. § 349**

71. Solid 21 repeats and realleges each and every allegation contained in Paragraphs 1 through 70 as if fully set forth herein.

72. Through its distribution, advertisement, promotion, offering for sale, and/or sale of products bearing marks confusingly similar to the RED GOLD® mark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

73. Because of these acts, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

74. Unless and until enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Solid 21 and consumers in New York.

## PRAYER FOR RELIEF

Solid 21 prays for relief as follows:

A. That Defendants and all other persons and/or entities acting for, with, by, through, or under authority of Defendants be preliminarily and permanently enjoined from: (a)

using Solid 21's RED GOLD® mark trademark or any colorable imitation thereof; and (b) using any trademark that imitates or is confusingly similar to or in any way similar to Solid 21's RED GOLD® trademark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Solid 21's products or their connection to Defendants or their products;

B. That Defendants be required to file with the Court and serve on Solid 21 within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

C. That Defendants be held liable for all damages suffered by Solid 21 resulting from the acts alleged herein;

D. That Defendants be compelled to provide an accounting to Solid 12, and that Solid 21 be awarded for any and all profits, gains, and advantages derived by Defendants from the acts complained of herein;

E. That Defendants be ordered to deliver up for destruction all product inventory (and anything associated with such inventory), as well as all advertising, promotional material, or the like in the possession, custody, or control of Defendants found to infringe Solid 21's RED GOLD® trademark rights, as well as all means of making the same;

F. That the Court award compensatory damages, including without limitation the cost of advertising required to restore the value that Plaintiff's trademark has lost due to Defendants' infringement;

G. That the Court award Solid 21 statutory damages in the sum of $2,000,000 per mark per type of goods sold, offered for sale, or distributed;

H.  That the Court award Solid 21 its full costs and attorneys' fees;

I.  That the Court award Solid 21 punitive and/or treble damages;

J.  That the Court award Solid 21 interest accrued from any amount that Sold 21 is awarded;

K.  That the Court grant Solid 21 any other remedy to which it may be entitled as provided for under federal or state law; and

L.  Such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Solid 21 demands a jury trial as to all issues so triable.

                                    Respectfully submitted,

                                    */s/ David L. Hecht*
                                    David L. Hecht
                                    Andrew J. Lorin
                                    Yi Wen Wu
                                    PIERCE BAINBRIDGE BECK PRICE &
                                    HECHT LLP
                                    277 Park Avenue, 45th Floor
                                    New York, NY 10172
                                    T:  (212) 484-9866
                                    E:  dhecht@piercebainbridge.com
                                           alorin@piercebainbridge.com
                                           wwu@piercebainbridge.com

                                    *Counsel for Plaintiff Solid 21, Inc.*

Dated: October 4, 2019